UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>FIRST INTERSTATE BANK,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

　　　Presently before the Court is Plaintiff's motion for a temporary restraining order to restrain a trustee's sale by Defendant First Interstate Bank of seven parcels of real property. (Dkt. No. 2.)  Plaintiff's motion is DENIED without prejudice.

　　　The Court notes several deficiencies with Plaintiff's motion.  First, Plaintiff has not provided, as of today, proof of service on Defendant.  The Court has no personal jurisdiction over Defendant absent service.  "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  Personal jurisdiction "is an

Case 3:24-cv-05720-DGE   Document 6   Filed 09/03/24   Page 2 of 3

essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Second, Plaintiff has not submitted documents sufficient to support the relief requested in his motion. See Local Civil Rule 7(b) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."). None of the documents referenced in the motion have been filed with the Court.

Third, Plaintiff's motion appears to be based on Washington Revised Code § 61.24.130, which permits a party to restrain a trustee's sale on any proper legal or equitable ground. However, while Plaintiff identifies the trustee as LPSL Corporate Services, Inc. (Dkt. No. 8 at 7), Plaintiff has not named the trustee as a party in this action. Unless the trustee is named and served with a copy of Plaintiff's complaint, the Court has no jurisdiction over the trustee, for the reasons discussed above. Furthermore, § 61.24.130(2) requires service upon the trustee—"No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice [of hearing] has been served on the trustee."

For these reasons, the motion for temporary restraining order (Dkt. No. 2) is DENIED.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 2

In addition, Plaintiff SHALL show cause, no later than **September 10, 2024**, why this case should not be transferred to the Eastern District of Washington. Plaintiff appears to be located in the Eastern District of Washington, and Defendant appears to be headquartered in Montana. Moreover, all of the properties at issue in this case (except one) appear to be located in Eastern Washington and the events underlying the case apparently transpired there as well. In responding to the order to show cause, Plaintiff shall identify where the relevant parties and witnesses reside, where the events at issue transpired, and explain why venue is appropriate in the Western District of Washington rather than the Eastern District of Washington.

Dated this 3rd day of September, 2024.

David G. Estudillo
United States District Judge