UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>    Plaintiff,<br> v.<br><br>FIRST INTERSTATE BANK,<br><br>    Defendant. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 13) |

Before the Court is Plaintiff's second motion for a temporary restraining order to restrain a trustee's sale by Defendants of seven parcels of real property. (Dkt. No. 13.) The property in question involves seven properties located in Washington, one in Snohomish County and six in Spokane County. (Dkt. No. 13 at 31–32.) The Court denied Plaintiff's first motion for a temporary restraining order without prejudice due to several deficiencies with Plaintiff's motion. (Dkt. No. 2.)

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 13) - 1

**A.  No Proof of Service**

Defendant LPSL Corporate Services, Inc. asserts "[t]here has been no service of the amended complaint" on it.  (Dkt. No. 17 at 1.)  Plaintiff filed a declaration of service for each Defendant.  (*See* Dkt. Nos. 15–16.)  Each declaration of service identifies that the amended complaint, amended motion for restraining order, and the amended notice of amended motion for restraining order were hand-delivered to specific persons at each Defendant's business address.  (*Id.*)  However, the declarations of service do not identify that a summons was served.  They also do not identify what authority the individuals who received the identified documents have to accept service of process on behalf of each Defendant.

The Court has no personal jurisdiction over a defendant absent service.  "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  Personal jurisdiction "is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Because there is insufficient proof of service, the Court lacks authority to enter any order against either Defendant.

**B. Even if Service Was Proper, The Record Is Insufficient to Support Entry of a Restraining Order.**

The dispute originates out of a Business Loan Agreement and Promissory Note between Wall Street Apartments, LLC ("LLC") and Defendant First Interstate Bank's predecessor. (Dkt. No. 7 at 57–68.) Plaintiff was the guarantor of this loan transaction. (Dkt. No. 11 at 4.) The LLC and Plaintiff defaulted on the loan and eventually a state court appointed a receiver on behalf of the LLC at Defendant First Interstate Bank's request. (Dkt. No. 7 at 164–179.)

After this, Plaintiff reached an agreement with Defendant First Interstate Bank to resolve the loan default by executing a Loan Modification Agreement. (Dkt. No. 20-11.) As part of the Loan Modification Agreement, Plaintiff executed and delivered five deeds of trust to Defendant First Interstate Bank, agreed to make certain payments to cure the default, and otherwise agreed to a certain payment plan. (*Id*. at 5–9.) Plaintiff also pledged and assigned to Defendant First Interstate Bank a certificate of deposit in the amount of $68,850. (*Id*. at 5.) The deeds of trust and the certificate of deposit were referred to as the Replacement Collateral. (*Id*.) In exchange, Defendant First Interstate Bank agreed to move to terminate the receivership of the LLC and reconvey to the LLC the deed of trust. (*Id*.)

Plaintiff asserts Defendant First Interstate Bank failed to comply with the terms of the Loan Modification Agreement such that Defendant First Interstate Bank's lacked authority to initiate a trustee's sale of any of the encumbered properties. Plaintiff argues he is not in breach the terms of Loan Modification Agreement and that he has made payments or has tendered payments to Defendant First Interstate Bank. The Court, however, is unable to discern from Plaintiff's documents the payments Plaintiff allegedly tendered, when they were tendered, or

how they were tendered.[1] (*See* generally Dkt. No. 7 at 128–158.) Plaintiff also presents a voluminous set of documents with minimal citation to the record.[2] Plaintiff also claims the Defendant First Interstate Bank did not apply any of the $68,850 contained in the certificate of deposit towards the monthly payment owed under the Loan Modification Agreement. (Dkt. No. 27 at 5.)

In contrast, Defendant First Interstate Bank provides a history of its interactions with Plaintiff and provides supporting documents. Defendant First Interstate Bank specifically identifies payments were not timely made and provides copies of the communications with Plaintiff regarding payments owed under the Loan Modification Agreement. (Dkt. Nos. 20 at 5–6; 20-13; 20-14.) The Loan Modification Agreement also specifically identifies the certificate of deposit was to be part of the Replacement Collateral to be used in the event of default. (Dkt. No. 20-11 at 5.) The Loan Modification Agreement does not state Defendant First Interstate Bank was required to apply the funds in the certificate of deposit towards the monthly payment obligation. In short, the record currently before the Court does not support Plaintiff's contention that he met the payment schedule contained in the Loan Modification Agreement.

Plaintiff also argues Defendant First Interstate Bank failed to enter an order terminating the LLC's receivership. (Dkt. No. 13 at 17.) At the same time, Plaintiff provides a copy of an

---

[1] Plaintiff also references "making the monthly payment in the designated method of payment at Chase Bank" and "the refusal of the bank to 'receive' the payment by and through its own self-induced refusal to withdrew the payments as authorized. (Dkt. No. 27 at 7.) It is unclear what Plaintiff is referring to and the purported "Exhibit U" is not included with Plaintiff's declaration. (Dkt. No. 27-4 is "Exhibit T and Dkt. No. 27-5 is "Exhibit V Part 1.")

[2] As an example, Plaintiff filed three exhibits on September 5, 2024 totaling over 1,000 pages, but provides no guidance as to exactly which documents support Plaintiff's position. (*See* Dkt. Nos. 24–25.) Without citation to specific pages in the record, the Court's is not equipped to identify what Plaintiff believes is important for the Court to consider. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record].").

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 13) - 4

objection filed by the LLC's receiver seeking modifications to the proposed stipulated order terminating the receivership that Plaintiff signed with Defendant First Interstate Bank. (Dkt. No. 7 at 258–261.) Defendant First Interstate Bank also points out that it attempted to address the receiver's objections with Plaintiff but that ultimately no agreement on the proposed modifications was ever reached and that Plaintiff subsequently sought to stay the proceedings.[3] (Dkt. No. 21 at 2–3; *see also* Dkt. No. 21-9.)

Plaintiff also argues that the "Bank failed to send a single notice of any purported default by email or even otherwise to Plaintiff as required by the loan documents[.]" (Dkt. No. 13 at 23.) But, as Defendant First Interstate Bank points out, the Loan Modification Agreement states that upon default the loan obligation "shall be immediately due and payable without notice of any kind" and that Defendant First Interstate Bank was "entitled to enforce its rights and remedies . . . without further notice or demand, including without limitation, the foreclosure of the . . . Deeds of Trust" and the Replacement Collateral. (Dkt. No. 20-11 at 11.) And it appears Plaintiff was aware Defendant First Interstate Bank asserted a default had occurred based on the

---

[3] It is unclear whether the state court proceedings involving the receiver remains pending on appeal in the state courts. (*See generally* Dkt. No. 24.) To the extent Plaintiff seeks to challenge state court judgments related to the receiver, this Court likely does not have jurisdiction over Plaintiff's claims pursuant to the *Rooker–Feldman* doctrine. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.

*Id.* at 1155.

1  email communications between Plaintiff and Defendant First Interstate Bank.  (*See* Dkt. Nos. 20-
2  13, 20-14.)

3  A temporary restraining order ("TRO"), as with any preliminary injunctive relief, is an
4  extraordinary remedy, "never awarded as of right."  *Winter v. Natural Res. Def. Council, Inc.*,
5  555 U.S. 7, 24 (2008).  A TRO "should not be granted unless the movant, *by a clear showing*,
6  carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation
7  marks and citation omitted).  A party seeking a TRO must establish (1) a likelihood of success on
8  the merits (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a
9  balancing of equities tips in favor of a TRO; and (4) an injunction is in the public interest.
10 *Winter,* 555 U.S. at 20.  Alternatively, a plaintiff may obtain relief if they (1) demonstrate a
11 serious question going to the merits has been raised; (2) the balance of hardships tips sharply in
12 plaintiff's favor; (3) irreparable harms is likely to occur; and (4) relief is in the public interest.
13 *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–1135 (9th Cir. 2021).

14 Plaintiff bases his request for a temporary restraining order on Washington Revised Code
15 § 61.24.130.  That statute allows for a "borrower, grantor, any guarantor, or any person who has
16 an interest" in the subject property the ability to restrain "on any proper legal or equitable
17 ground, a trustee's sale."  Wash. Rev. Code § 61.24.130(1).

18 Plaintiff has not his met his burden of persuasion.  The present record does not support a
19 finding Plaintiff meets the requirements for a TRO.  The present record does not presently
20 establish Plaintiff's likely success on the merits or demonstrate a serious question going to the
21 merits.  As already stated, it is not the Court's task to comb through the record to find facts and
22 arguments that would support Plaintiff's motion.  *Dunkel*, 927 F.2d at 956.  In short, the record

1  currently before the Court does not support a "proper legal or equitable ground" as required by
2  Washington Revised Code § 61.24.130(1).

3        **C. Plaintiff's Additional Motions (Dkt. Nos. 28, 29)**

4        On September 5, 2024, Plaintiff filed two motions titled "Motion to Stay Court Order if
5  Denying the Amended Motion to Restrain the Sale Pending Appeal and to Kindly Consider
6  Allowing More Time in Accommodation of Plaintiff's Disability." (Dkt. Nos. 28, 29.) One was
7  filed at 10:14 p.m. and the other was filed at 10:57 p.m.

8        First, these motions have no impact on the Court's lack of jurisdiction over a party where
9  there is no proof a summons was properly served. Second, even if service had been perfected,
10  Plaintiff does not identify the authority the Court would have to "stay" a denial of a motion for a
11  TRO in the manner Plaintiff suggests.[4]

12        Plaintiff's second motion for a temporary restraining order (Dkt. No. 13) is DENIED
13  based on lack of proper service and based on the record presented. Likewise, Plaintiff's two
14  motions to stay (Dkt. Nos. 28, 29) also are DENIED.

15        Dated this 6th day of September, 2024.



David G. Estudillo
United States District Judge

---

[4] Plaintiff also asks the court to "consider accommodation for his disability" without making clear what accommodation is being sought. (Dkt. No. 28 at 5.) A reasonable accommodation normally entails "mechanisms to remove barriers or provide assistance to disabled individuals so that they can perform essential functions." *Quinones v. Potter*, 661 F. Supp. 2d 1105, 1123 (D. Ariz. 2009) (quotation marks omitted.) Plaintiff has not identified any Court procedural barriers that should be removed or any additional assistance that should be provided to allow Plaintiff to proceed with his arguments.