UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>                    Plaintiff,<br><br>     v.<br><br>FIRST INTERSTATE BANK,<br><br>                    Defendant. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER DENYING THIRD MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 38) |

Before the Court is Plaintiff's third motion for a temporary restraining order ("TRO") to restrain a trustee's sale by Defendants of three parcels of real property currently scheduled for September 20, 2024.  (Dkt. No. 38.)  The properties in question are located in Spokane County, Washington.  Plaintiff also seeks to restrain Defendants from transferring title and possession to any of the properties that were the subject of a previous trustee's sales conducted by Defendants on September 6, 2024.  (*Id.* at 3.)  The Court assumes familiarity with the factual and procedural background of this case.

1   Plaintiff seeks an immediate restraining order ("TRO") and is asking for injunctive relief, which is an extraordinary remedy, "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A TRO "should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted).

A party seeking a TRO must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a balancing of equities tips in favor of a TRO; and (4) an injunction is in the public interest. *Winter,* 555 U.S. at 20. Alternatively, a plaintiff may obtain relief if they (1) demonstrate a serious question going to the merits has been raised; (2) the balance of hardships tips sharply in plaintiff's favor; (3) irreparable harms is likely to occur; and (4) relief is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–1135 (9th Cir. 2021).  Under Washington Revised Code § 61.24.130(1), a guarantor with interest in a subject property may restrain a trustee's sale "on any proper legal or equitable ground."

Here, Plaintiff asks the Court for relief but, as with his prior motions, Plaintiff's arguments are difficult to follow because they contain many conclusory statements without an organized record and often without citation.  It is the Plaintiff's burden, not the Court's, to identify from the record the evidence supporting Plaintiff's contentions.  Plaintiff has not met his burden.  For the reasons set forth below, Plaintiff's third motion for a TRO is DENIED.

   **A.  Payment Under the Loan Modification Agreement**

Plaintiff re-states his contention that he timely tendered payments to Defendant First Interstate Bank ("Lender").  (*Id.* at 5–9.)  Plaintiff focuses on a purported "designated bank account at Chase Bank" which Plaintiff claims was "mandated by a court order."  (Dkt. No. 38 at

5.) According to Plaintiff, "Defendant refused the payments tendered to the bank account designated by the court order and the various loan agreements." (*Id.*)

Plaintiff, however, does not identify any specific language from any specific court order requiring a Chase Bank account to be the sole and only account for making payments under the terms of the October 17, 2023 Loan Modification Agreement. Notably, Paragraph 2.b. of the September 8, 2023 Order Appointing General Receiver identifies the Receiver's "sole and exclusive control over Debtor's bank accounts" (Dkt. No. 21-2 at 5–6), but mentions nothing about a Chase Bank account. Likewise, Paragraph 7.2 of the Loan Modification Agreement identifies the required payment schedule (Dkt. 20-11 at 6–7) but makes no mention of a Chase Bank account. And, on February 7, 2024, Plaintiff, was informed, "[t]here is also nothing in writing creating the auto payments and the payments were not waived." (Dkt. No. 20-13 at 2.)

In its order denying Plaintiff's second motion for a TRO, the Court identified it was unable to discern from the documents Plaintiff submitted which payments Plaintiff allegedly tendered, when they were tendered, or how they were tendered. (Dkt. No. 30 at 1–2.) The Court found the record then before it did not support Plaintiff's contention that he met the payment schedule contained in the Loan Modification Agreement. (*Id.* at 3.) The documentation submitted by Plaintiff in connection with his third motion for a TRO does not change the Court's analysis, given that the Loan Modification Agreement explicitly provides "[a]ll payments must be made in U.S. dollars and must be received by Lender consistent with any payment instructions provided by Lender." (Dkt. No. 20-11 at 7.) Plaintiff has presented insufficient evidence he timely tendered payments required by the Loan Modification Agreement.

### B. Violation of an Alleged Right to Cure

Plaintiff contends Defendant failed to send a notice allowing him the right to cure any default under the Loan Modification Agreement. (Dkt. No. 38 at 20.) Plaintiff argues the phrase contained in Paragraph 14.1 of the Loan Modification Agreement—"Upon an event of default hereunder that remains uncured for more than 20 days"—mandated the issuance of a notice of default and a right to cure. (*Id*.) On its face, the language Plaintiff relies upon does not appear to require a written notice of a default and contrary to Plaintiff's contention, he presents insufficient evidence to conclude the inclusion of this language was meant to require a notice of a default prior to taking any action. Plaintiff's interpretation of this language would require the Court to read into the Loan Modification Agreement terms not present. Thus, the record provided is insufficient for the Court to mandate terms not clearly stated.

### C. Compliance with Washington Deed of Trust Act

Plaintiff's third motion for a TRO argues Defendants violated the Washington Deed of Trust Act ("DTA").

Plaintiff asserts the Bidder's Confirmation of Terms of Continuance (Dkt. No. 54-12 at 2) evidences a violation of the DTA because it establishes the lack of a public proclamation continuing the sale to 1:00 p.m. on September 6, 2024. (Dkt. No. 55 at 5.) Plaintiff, however, provides no testimony of any person present attesting to what occurred at the public sale on September 6, 2024 and the Bidder's Confirmation does nothing more than confirm that the bidder expected to have funds available by 1:00 p.m. on the day of the sale. This is insufficient evidence of a violation.

Plaintiff asserts Defendants failed to provide Notices of the Trustee's Sale to Wall Street Apartments, LLC and another individual named Mohamed Elkherwely. The LLC and Mohamed

1  Elkherwely are not parties to this lawsuit.  It is unclear what the current relationship is between
2  Plaintiff and these two parties.  For example, it is unclear if a receiver remains in place for the
3  LLC and what authority Plaintiff has to act on behalf of the LLC.  As it stands, these two parties
4  are not involved in this lawsuit and are not claiming violations of the DTA.  Plaintiff provides no
5  argument, factual or legal, identifying Plaintiff's authority to assert the alleged rights of third
6  parties not before the Court and who apparently are not contesting the Defendants' actions.

7      Plaintiff also asserts Defendants failed to serve Plaintiff with the Notices of Trustee's
8  Sale.  He identifies that Washington Revised Code § 61.24.040(1)(b) requires mailing of the
9  Notices by both first-class and certified or registered mail "return receipt requested." (Dkt. No.
10 38 at 13.)  Plaintiff denies receiving the Notices and asserts Defendants failed "to provide any
11 single return receipt or proof of accomplished service upon the plaintiff." (Dkt. No. 55 at 10.)
12 The Notices, however, do appear to comply with the statute as the record identifies they were
13 mailed both first-class mail and certified or registered mail with return receipt requested.  (*See*
14 Dkt. Nos. 18-15, 18-16, 18-17, 18-18.)

15     Plaintiff also alleges Defendant failed to post notice of the Default, the Trustee's Sale, the
16 Foreclosure, and the Notice of Continuance at Plaintiff's Whispering Pines property in Nine Mile
17 Falls, Washington.  (Dkt. No. 40 at 5–6.)  Plaintiff asserts there is no assigned address to this
18 property and uses screen shots from his phone purportedly from a county website to support his
19 argument.  However, the Declaration of Posting identifies the Parcel Number for the property in
20 addition to a physical address.  (Dkt. No. 18-2 at 4.)  Plaintiff's evidence is insufficient to call
21 into question the Declaration of Posting.  At present, Defendant has submitted significant

evidence supporting its compliance with posting requirements. (*See* Dkt. Nos. 18, 54.) Thus, the present record does not establish Defendants failed to serve or post the required Notices.[1]

Plaintiff further alleges Defendant violated the DTA and breached a fiduciary duty because Defendant's counsel serves as counsel for First Interstate Bank and as a principal of the trustee, LPSL Corporate Services Inc. (Dkt. No. 38 at 15–16.) However, Washington law does not prohibit a trustee from also acting as the attorney for the beneficiary. *Cascade Manor Assocs. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 850 P.2d 1380, 1387 (Wash. Ct. App. 1993); *see also Alpha Imperial Bldg., LLC v. Schnitzer Family Inv., LLC, II*, 126 Wash. App. 1031, at *7 (2005) ("It is undisputed that the mere fact that [the attorney] was both the trustee and the attorney for the beneficiary is insufficient to find a breach of duty.").

Plaintiff also contends the Trustee breached its duty of good faith in various ways. (Dkt. No. 38 at 16–20.) However, Plaintiff's arguments are difficult to understand. They appear to reference Defendants' conduct during the state court proceedings and various other grievances. These allegations are not well developed and are insufficient to support Plaintiff's request for the extraordinary remedy of injunctive relief.

As with Plaintiff's prior motion for temporary restraining order, the Court finds and concludes based on the present record that Plaintiff has not established likely success on the merits or demonstrated a serious question going to the merits. In short, the record currently before the Court does not support a "proper legal or equitable ground" as required by Washington Revised Code § 61.24.130(1).

---

[1] Plaintiff also contends, in a declaration submitted with his motion, that he did not receive service of these notices because his neighbor, Matthew Waddell, intercepted the notices and concealed them from Plaintiff, apparently as part of a plan to purchase one of the properties himself. (Dkt. No. 40.) Plaintiff has submitted no evidence, beyond his own statements, to substantiate this allegation.

ORDER DENYING THIRD MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 38) - 6

1  Accordingly, Plaintiff's motion for a third temporary restraining order (Dkt. No. 38) is
2  DENIED.

4  Dated this 20th day of September, 2024.

                                              David G. Estudillo
                                              United States District Judge