UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>                    Plaintiff,<br>     v.<br><br>FIRST INTERSTATE BANK,<br><br>                    Defendant. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 61) |

This matter comes before the Court on Plaintiff Alaa Elkharwily's motion for reconsideration.  (Dkt. No. 61.)  Plaintiff asserts that the Court erred in striking Plaintiff's Second Amended Complaint (Dkt. No. 43) as the previous Amended Complaint (Dkt. No. 11) was never served and therefore does not fall within the parameters of Rule 15.  (*Id*. at 5); *see* Fed. R. Civ. P. 15(a)(1)(A).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 61) - 1

reasonable diligence.  LCR 7(h)(1).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Rule 15 states that "[a] Party may amend its pleading once as a matter of course no later than: 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  In all other cases, a party may only amend its pleading with the opposing party's written consent or leave of the Court.  On August 29, 2024, Plaintiff filed a Complaint (Dkt. No. 1) and on September 4, 2024, Plaintiff filed an Amended Complaint (Dkt. No. 11).  Plaintiff then filed a Second Amended Complaint on September 16, 2024.  (Dkt. No. 43.)  The Court subsequently struck the Second Amended Complaint, as Plaintiff had not obtained leave to file.  (Dkt. No. 59.)  However, Plaintiff correctly points out that he failed to serve Defendants with the Amended Complaint.  (*See* Dkt. No. 30 at 2.)  Therefore—under the plain language of Rule 15—the Second Amended Complaint filed on September 16 is actually the "first" amended Complaint, as the Rule allows for a single amendment after *service* and not after filing.

Accordingly, Plaintiff's motion for reconsideration is GRANTED and the Court hereby ORDERS the Clerk of Court to reinstate the Complaint filed on September 16, 2024 (Dkt. No. 43).

If not already done so, Plaintiff SHALL timely serve all parties with a proper summons and the operative Complaint.  Plaintiff shall also provide a copy of this Order to all parties.

1    Dated this 17th day of October, 2024.

                                                          _____
                                                          David G. Estudillo
                                                          United States District Judge

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 61) - 3