UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>                Plaintiff,<br>    v.<br><br>FIRST INTERSTATE BANK et al.,<br><br>                Defendants. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER ON MOTIONS FOR AN ENTRY OF DEFAULT (DKT. NOS. 77, 79, 88) |

Presently before the Court are Plaintiff Alaa Elkharwily's motions for an entry default against Defendants Matthew Waddell and Jennifer Mattson[1] (Dkt. Nos. 77, 79) and Defendant First Interstate Bank. (Dkt. No. 88.) For the reasons set forth below, Plaintiff's motions for an entry of default are DENIED.

---

[1] Plaintiff has filed two motions against Waddell and Mattson, which appear to be identical.

ORDER ON MOTIONS FOR AN ENTRY OF DEFAULT (DKT. NOS. 77, 79, 88) - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2024, Plaintiff filed a Complaint (Dkt. No. 1) and on September 4, 2024, Plaintiff filed an Amended Complaint. (Dkt. No. 11.) Plaintiff then filed a Second Amended Complaint on September 16, 2024. (Dkt. No. 43.) On September 20, 2024, the Court struck the Second Amended Complaint, as Plaintiff had not obtained leave to file. (Dkt. No. 59.) On October 3, 2024, Plaintiff filed a motion for reconsideration of the Court's order striking the Second Amended Complaint, arguing the Court erred in striking Plaintiff's Second Amended Complaint as the previous Amended Complaint was never served. (Dkt. No. 61 at 5.) On October 17, 2024, the Court granted Plaintiff's motion for reconsideration, finding that under the plain language of Rule 15, the Second Amended Complaint filed on September 16, 2024 was actually the "first" amended Complaint, as the Rule allows for a single amendment after service and not after filing. (Dkt. No. 63 at 2.)

On November 13, 2024, Plaintiff filed motions for an entry of default against Defendants Matthew Waddell and Jennifer Mattson. (Dkt. Nos. 77, 79.) On November 12, 2024, Plaintiff filed a notice of intent to file a motion for default against Defendants LPSL Corporate Services Inc. and First Interstate Bank.[2] (Dkt. No. 76.) On November 26, 2024, Plaintiff filed a motion for default against Defendant First Interstate Bank. (Dkt. No. 88.)

## II. LEGAL STANDARD

"Upon motion by a party noted in accordance with [Local Civil Rule] 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend." Local

---

[2] Despite filing this notice, Plaintiff ultimately filed a motion for an entry of default only against Defendant First Interstate Bank. (Dkt. No. 88.)

ORDER ON MOTIONS FOR AN ENTRY OF DEFAULT (DKT. NOS. 77, 79, 88) - 2

Civil Rule 55(a). "The affidavit shall specifically show that the defaulting party was served in a manner" authorized by Federal Rule of Civil Procedure 4. *Id.*

### III.  DISCUSSION

**A. Motion for Entry of Default Against Matthew Waddell and Jennifer Mattson (Dkt. Nos. 77, 79)**

Plaintiff contends the operative Complaint was served on Waddell and Mattson on September 16, 2024 and that both defendants were served with a summons on October 21, 2024. (Dkt. Nos. 77, 79.) Plaintiff argues Waddell and Mattson were required to answer or otherwise respond to his Complaint no later than November 12, 2024. (*Id.*) An attorney appeared on behalf of Waddell and Mattson on November 13, 2024 and responded to Plaintiff's motion for an entry of default the same day. (Dkt. Nos. 80, 81.)

Waddell and Mattson argue default should not be entered against them because service of process was not made properly. (Dkt. No. 81 at 2–3.) Defendants argue that even if the Court finds service of process was sufficient, the Court should deny Plaintiff's motion and permit them to appear and answer the Complaint to avoid the injustice of default. (*Id.* at 7–8.)

Defendants contend they were not served with summonses in this case until October 21, 2024. (*Id.* at 2–3.) Defendant Waddell contends the documents presented to him and Defendant Mattson on October 21, 2024 did not include a copy of the Complaint. (Dkt. No. 84 at 2.) Defendants argue earlier summonses served by Plaintiff were defective because they (1) were not signed by the Clerk, (2) did not identify which Court issued the summons, (3) did not provide a case number for the matter, and (4) did not bear the Court's seal. (Dkt. No. 81 at 3.)

Plaintiff argues the summons issued by the Court on October 21, 2024 complied with the requirements of Federal Rule of Civil Procedure 4 and that he served a copy of the Complaint upon Defendants on September 16, 2024. (Dkt. No. 87 at 2.) Plaintiff argues Defendants were

thus duly informed of the action against them, and that any failure to serve the summons and the Complaint together "was due to the [C]ourt's timeline" and not [his] negligence." (*Id.*)

Federal Rule of Civil Procedure 4(c)(1) requires that a summons "must be served with a copy of the complaint." "In general, Rule 4(c)(1) requires plaintiffs to simultaneously serve defendants with a summons and a copy of the complaint." *Denson v. Gillespie*, Case No. 2:10–cv–0525–APG–VCF, 2013 WL 5838254, at *2 (D. Nev. Oct. 29, 2013); *Bisi v. Chase Auto J.P. Morgan Chase Bank, N.A.*, Case No. 2:23–CV–02508–KJM–CSK (PS), 2024 WL 3470916 at *5 (E.D. Cal. Jul. 19, 2024) ("Failure to serve a summons together with the complaint renders service of process ineffective."); *but see Zabner–Willis v. Gladden*, Case No. 2:04–cv–229KS–MTP, 2007 WL 184663, at *2–3 (S.D. Miss. Jan.19, 2007) (finding a pro se plaintiff's separate service of the summons and complaint to be sufficient for purposes of Rule 4).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, absent substantial compliance with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Plaintiff does not appear to dispute that a summons compliant with the requirements of Rule 4 was not served until October 21, 2024, and that a copy of the Complaint was not served along with it. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service of process is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4.") It appears that Defendants have not been properly served pursuant to Rule 4, and therefore Plaintiff's motion for default as to Defendants Waddell and Mattson is DENIED.

Proper service of process underpins the Court's authority to exercise personal jurisdiction over Waddell and Mattson. *See Dillard v. Red Canoe Fed. Credit Union*, Case No. C14–1782JLR, 2015 WL 1782083, at *3 (W.D. Wash. Apr. 17, 2015). While the Court would normally be required to dismiss from the case defendants over whom it did not have personal jurisdiction, "[w]here it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Id.* The simplest solution in cases where it is not clear whether proper service has been made "is to quash process and allow the plaintiff another opportunity to serve the defendant." *Id.* (internal citation omitted).

Given the uncertainty concerning whether service can be proper under Rule 4 when a copy of the Complaint and the summons are not served together, the Court finds it inappropriate to dismiss Plaintiff's Complaint as to Defendants Waddell and Mattson at this time. *Eriksen v. Washington State Patrol*, Case No. CV–05–0195–LRS, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting *Moore v. Agency for Intern. Development*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Rather, Plaintiff shall have another opportunity to effect service upon Defendants, in a manner that complies with Rule 4, no later than 21 days from the date of this order.

**B. Motion for Entry of Default Against First Interstate Bank (Dkt. No. 88)**

Plaintiff argues Defendant First Interstate Bank was properly served with the original Complaint on August 30, 2024 and with the signed summons on September 16, 2024. (Dkt. No. 88 at 2.) Plaintiff contends Defendant did not answer or otherwise respond to the Complaint by October 7, 2024. (*Id.*)

1    Defendant contends it was under no obligation to respond to the original Complaint,
2 which was not accompanied by a summons. (Dkt. No. 93 at 2.) Defendant argues its obligation
3 to answer in this case was triggered by Plaintiff's filing and service of his Second Amended
4 Complaint along with the court-issued summons on September 16, 2024. (*Id.*) Defendant argues
5 that after the Court issued its order striking Plaintiff's Second Amended Complaint, there was no
6 properly served complaint to which Defendant could respond, and that one did not exist until the
7 Court issued its order on October 17, 2024 granting Plaintiff's motion for reconsideration and re-
8 instating Plaintiff's Second Amended Complaint. (*Id.* at 3.) Defendant contends Plaintiff's
9 motion for reconsideration did not stay the effect of the Court striking the Second Amended
10 Complaint, and that once the Court re-instated the Second Amended Complaint, Defendant filed
11 a motion to dismiss 18 days later. (*Id.* at 4.)

12    Given the procedural circumstances in this case, Defendant could not reasonably be
13 expected to respond to a stricken Complaint which may or may not have been re-instated by
14 Court order. In filing a motion to dismiss for failure to state a claim, Defendant has filed a
15 timely defense to Plaintiff's Second Amended Complaint, given that a motion to assert such a
16 defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P.
17 12(b). By filing a motion to dismiss within 21 days of the existence of an operative complaint to
18 which it could react, Defendant avoided the possibility of default. Plaintiff's motion for an entry
19 of default as to Defendant First Interstate Bank is DENIED.

# IV. ORDER

1) Plaintiff's motion for an entry of default as to Defendants Matthew Waddell and Jennifer Mattson (Dkt. Nos. 77, 79) is DENIED. Plaintiff must effect proper service on these Defendants no later than **January 13, 2025** (21 days of this order).

2) Plaintiff's motion for an entry of default as to Defendant First Interstate Bank (Dkt. No. 88) is DENIED.

3) Plaintiff's motion for an extension of time to file a reply regarding his motion for an entry of default against Defendants Waddell and Mattson (Dkt. No. 86) is DENIED as moot, given that Plaintiff filed a reply the day after filing his motion.

4) Plaintiff's motion for a stay of proceedings until the Court rules on his motions for default (Dkt. No. 89) is DENIED as moot. Plaintiff shall have until **January 6, 2025** (14 days from the entry of this order) to respond to Defendant First Interstate Bank's motion to dismiss (Dkt. No. 68) and motion for a change of venue (Dkt. No. 69.)

5) The new noting date for Defendant First Interstate Bank's motion to dismiss and motion for change of venue shall be **January 13, 2025**. The Clerk is directed to calendar the new noting date.

Dated this 23rd day of December, 2024.

David G. Estudillo
United States District Judge