UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>                    Plaintiff,<br><br>        v.<br><br>FIRST INTERSTATE BANK et al.,<br><br>                    Defendants. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER ON PENDING MOTIONS (DKT. NOS. 97, 99, 100) |

Presently before the Court are Plaintiff Alaa Elkharwily's Motion in Compliance Under Protest and Preservation of Rights (Dkt. No. 97), Motion to Stay (Dkt. No. 99), and Motion for a Certificate of Appealability (Dkt. No. 100).  For the reasons explained below, Plaintiff's motions are DENIED.

**I.    Motion in Compliance Under Protest and Preservation of Rights (Dkt. No. 97)**

Plaintiff argues a state court contempt order directing him to dismiss his claims in this Court is invalid and submits a motion to "comply with [the state court order] under protest to avoid further contempt sanctions or incarceration."  (Dkt. No. 97 at 2–3.)  Plaintiff argues the


state court judge exceeded her authority for a variety of reasons, and asks the Court to "[a]cknowledge [his] compliance with the state court's order under protest and as a preservation of [his] rights while these jurisdictional conflicts remain unresolved." (*Id.* at 2–9.) Plaintiff asks the Court to allow his federal claims to remain pending "until this Court or a higher federal court resolves the issues of jurisdiction and authority raised by the state court's orders." (*Id.* at 9.)

Plaintiff cites no authority for the proposition that the Court can or should grant a motion to this effect. He provides no rationale as to why such a motion is needed in this litigation or how it affects the issues raised in this litigation. Nor does Plaintiff cite to any requirement imposed by the state court that he file such a motion in this litigation. Moreover, it is unclear how the Court could acknowledge Plaintiff's compliance with a state court order with which he apparently has yet to comply, given that Plaintiff has not filed a motion to withdraw any of his claims.

Accordingly, Plaintiff's Motion in Compliance Under Protest and Preservation of Rights (Dkt. No. 97) is DENIED.

**II.    Motion to Stay (Dkt. No. 99)**

Plaintiff asks the Court to grant him relief from all deadlines in this case and to stay all proceedings pending resolution of Plaintiff's motion for default against Defendant LPSL Corporate Services Inc. ("LPSL"). (Dkt. No. 99 at 2.) Plaintiff argues the motion for default against LPSL, if granted, will resolve all claims against all the defendants in this case. (*Id.*)

Plaintiff further argues that he cannot meet the Court's deadline of January 6, 2025 for him to respond to Defendants' motion to dismiss and motion to change venue because of a deadline to file a brief with the Ninth Circuit which falls on the same day. (*Id.* at 4.) Plaintiff also contends he cannot attend a scheduling conference set for January 3, 2025 because he has

another Ninth Circuit deadline that falls on this day, along with a hearing before the Washington Court of Appeals.[1] (*Id.*)

"A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Heckman v. Washington*, Case No. C04-5447RJB, 2005 WL 1532961, at *2 (W.D. Wash. June 24, 2005). "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Civil Rule 7(j). "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id.*

Plaintiff does not explain why granting the motion for default against LPSL would resolve the claims against the remaining defendants in this case. The Court has already stricken the scheduling conference set for January 3, 2025, pending the resolution of the outstanding motions in this case. With respect to the Court's January 6, 2025 deadline for him to respond to Defendants' motions, Plaintiff himself, in a prior motion to stay proceedings, requested the Court extend his time to respond to Defendants' motion to dismiss and motion to change venue to 14 days after the Court resolved the then pending motions for default against First Interstate Bank and Defendants Matthew Waddell and Jennifer Matson. (Dkt. No. 89 at 4.) The Court did so in its order dated December 23, 2024. (Dkt. No. 95 at 7.) As for Plaintiff's other actions and appeals, he is responsible for meeting deadlines imposed by other courts, and this Court will not grant the motion on this basis alone. *See Tosic v. Blakemore-Tomason*, Case No. C23-0619JLR, 2023 WL 4054272 at *1 (W.D. Wash. May 16, 2023) (denying a pro se litigant's motion for

---

[1] Plaintiff also seeks relief from the January 13, 2025 deadline to effect proper service on Defendants Waddell and Matson, but does not cite any scheduling conflict on this date. (Dkt. No. 99 at 4.)

relief from deadlines predicated on the litigant's "upcoming hearings and deadlines" in concurrent court actions.).

Accordingly, Plaintiff's Motion to Stay (Dkt. No. 99) is DENIED.[2]

### III.    Motion for Certificate of Appealability (Dkt. No. 100)

Plaintiff asks the Court to enter an order declaring the Court's order of December 23, 2024, which denied Plaintiff's motions for default against Defendants Matthew Waddell and Jennifer Matson, as a final judgment for purposes of appeal. (Dkt. No. 100.) Plaintiff again argues the motion for default against LPSL, if granted, will resolve all claims against all the defendants in this case, and seeks immediate appellate review of the Court's order "to address procedural and substantive errors that are critical to resolution of this case." (*Id.* at 2.)

Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 54(b), which provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In making a determination under Rule 54(b), the Court must first determine that it is dealing with a "final judgment." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course

---

[2] Plaintiff's Motion to Stay is noted for consideration on January 13, 2025. Notwithstanding, the Court exercises its discretion to decide the motion without waiting for Plaintiff's reply brief. *See* Fed. R. Civ. P. 1 (instructing the court "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The motion, which seeks relief from January 3, 2025, January 6, 2025, and January 13, 2025 deadlines, would be largely moot before its noting date.

1  of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436,
2  (1956).
3        Plaintiff cites no authority for the proposition that an order denying motions for default
4  can qualify as a "final judgment" for purposes of Rule 54(b).  Accordingly, Plaintiff's Motion for
5  a Certificate of Appealability (Dkt. No. 100) is DENIED.

7        Dated this 3rd day of January, 2025.



David G. Estudillo
United States District Judge