UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FIRST INTERSTATE BANK et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER ON MOTIONS FOR RECONSIDERATION (DKT. NOS. 114, 115, 116, 117, 118) |

Presently before the Court are Plaintiff's motions for reconsideration (Dkt. Nos. 114, 115, 116, 117, 118) of various Court orders. For the reasons set forth below, Plaintiff's motions are DENIED.

### I.　　FACTUAL AND PROCEDURAL HISTORY

On August 29, 2024, Plaintiff filed a Complaint (Dkt. No. 1) and on September 4, 2024, Plaintiff filed an Amended Complaint (Dkt. No. 11). Plaintiff then filed a Second Amended Complaint on September 16, 2024. (Dkt. No. 43.) The Court subsequently struck the Second Amended Complaint, as Plaintiff had not obtained leave to file. (Dkt. No. 59.) On October 3,

1  2024, Plaintiff filed a motion for reconsideration, arguing that he did not require leave to file the
2  Second Amended Complaint because he failed to serve Defendants with the Amended
3  Complaint. (Dkt. No. 61 at 5.) The Court agreed, granted Plaintiff's motion for reconsideration,
4  and reinstated the Complaint filed on September 16, 2024. (Dkt. No. 63.)
5      On January 27, 2025, the Court issued an order denying three of Plaintiff's motions.
6  (Dkt. No. 113.) The Court denied Plaintiff's motion for default against Defendant LPSL
7  Corporate Services Inc. ("LPSL"), finding that LPSL was situated identically to Defendant First
8  Interstate Bank, against whom Plaintiff previously filed a motion for default which the Court
9  denied. (*Id.* at 1–3.) The Court also denied Plaintiff's motion for a telephonic hearing, finding
10 Plaintiff had not established the existence of a true, unforeseen emergency that prevented him
11 from meeting the deadlines in this case. (*Id.* at 3–6.) Finally, the Court denied Plaintiff's motion
12 for alternate service, finding Plaintiff's inability to locate Defendants at their home on three
13 occasions in January did not establish that Defendants Waddell and Matson intentionally
14 concealed themselves with the intent to avoid service. (*Id.* at 6–9.) The Court ordered Plaintiff
15 to effect service on Defendants Waddell and Matson, in a manner compliant with Federal Rule of
16 Civil Procedure 4, no later than February 26, 2025. (*Id.* at 9.)
17     On February 9, 2025 and February 13, 2025, Plaintiff filed five motions for
18 reconsideration challenging various aspects of the Court's orders. (Dkt. Nos. 114, 115, 116, 117,
19 118.)
20     **II.   LEGAL STANDARD**
21     Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will
22 ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or
23 legal authority which could not have been brought to the attention of the court earlier, through
24

ORDER ON MOTIONS FOR RECONSIDERATION (DKT. NOS. 114, 115, 116, 117, 118) - 2

reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

### III.  DISCUSSION

**A. Motion to Reconsider Order Denying Motion for Default Against LPSL (Dkt. No. 114)**

Plaintiff asks the Court to reconsider its order denying his motion for default against LPSL.  (Dkt. No. 114.)  Plaintiff makes substantially the same argument he made in his motion for default, namely that LPSL failed to answer or otherwise respond to the Complaint by October 7, 2024.  (*Id.* at 3–4.)  For the reasons identified in its orders denying Plaintiff's motions for default against First Interstate Bank and LPSL, Plaintiff's motion (Dkt. No. 114) is DENIED.  *Santiago v. Gage*, Case No. C18-5825RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly . . . [m]ere disagreement with a previous order is an insufficient basis for reconsideration.")  (internal citations omitted).

1             **B. Motion to Reconsider Order Denying Telephonic Hearing (Dkt. Nos. 115, 116)**

2         Plaintiff asks the Court to reconsider its order denying his motion for a telephonic

3 hearing.[1] (Dkt. Nos. 115, 116.) Plaintiff argues the Court improperly dismissed his declaration

4 that he faced an "true, unforeseen emergency" that prevented him from responding to

5 Defendants' motion to dismiss by the deadline of January 6, 2025. (Dkt. No. 116 at 2–3.)

6 Plaintiff contends that the Court ignored evidence that other courts have granted him extensions

7 due to his medical conditions, and improperly placed the burden on him to establish that he

8 suffered a medical emergency. (*Id.*) Plaintiff argues that he has new evidence that substantiates

9 his claims concerning his medical emergency. (*Id.* at 3.)

10         The Court cannot find it committed manifest error in denying Plaintiff's motion, for the

11 reasons articulated in its previous order. As for the new evidence submitted by Plaintiff, this

12 consists of medical records not submitted with his previous motion. One such record is a

13 screenshot of a triage note from Plaintiff's MyChart profile, which indicates Plaintiff arrived at

14 the hospital on January 6, 2025 complaining of heart palpitations and a syncopal episode with

15 pain radiating into his shoulder and neck. (Dkt. No. 116 at 29.) Another such record is a

16 screenshot of a note from Chaudry M. Sarwar, M.D. of the Multicare Pulse Heart Institute, which

17 indicates that Dr. Sarwar saw Plaintiff on January 31, 2025 for syncope, cardiac issues, and

18 seizures. (*Id.* at 31.) Dr. Sarwar stated Plaintiff was undergoing a workup related to his cardiac

19 issues and opined that Plaintiff was "not cleared yet for work or strenuous activity until his

20 pending workup." (*Id.*)

---

[1] Plaintiff has filed two motions to this effect. (Dkt. Nos. 115, 116.) The two motions appear to be largely identical, although certain documents are arranged differently in the later filed motion, which has been docketed as an "amended" motion. For purposes of clarity, the Court's order will reference the amended motion.

Finally, Plaintiff submits a treatment note from Nurse Practitioner Diana Kovac dated May 23, 2024. (*Id.* at 37.) She opined that Plaintiff had recently been hospitalized "after being triggered from multiple seizures induced by [an] increase in situational stressors due to court proceedings." (*Id.*) She further opined that Plaintiff should not endure additional stressors "to include any legal proceedings" until "a minimum" of September 2024.[2] (*Id.*)

With respect to the treatment notes dated May 23, 2024 and January 6, 2025, it appears Plaintiff had access to these records prior to filing his motion on January 8, 2025. Also, the relevance of the May 23, 2024 treatment note to Plaintiff's obligations in January of 2025 is unclear. As for Dr. Sarwar's treatment note dated January 31, 2025, this appears to substantiate, to some extent, Plaintiff's claim concerning his medical condition and hospitalization. However, the Court notes that Plaintiff filed five motions with the Court the week after Dr. Sarwar submitted his treatment note, which appears to run contrary to Dr. Sarwar's opinion that Plaintiff should avoid work or strenuous activity.

Accordingly, Plaintiff's motions (Dkt. Nos. 115, 116) are DENIED.[3]

**C. Motion to Reconsider Order Granting Motion for Reconsideration (Dkt. No. 117)**

Next, Plaintiff asks the Court to reconsider its previous order granting Plaintiff's motion for reconsideration and re-instating Plaintiff's Second Amended Complaint, which was filed on September 16, 2024. (Dkt. No. 117.) Plaintiff asks the Court to find that the Amended Complaint, filed on September 4, 2024, was properly served and remains the operative pleading in this case. (*Id.* at 2.) Plaintiff argues counsel for Defendant LPSL "explicitly admitted" proper

---

[2] Plaintiff filed his complaint in this Court on August 29, 2024. (Dkt. No. 1.)

[3] Moreover, being filed in conjunction with this Order is a separate order granting a change of venue and denying without prejudice Defendants' motion to dismiss. Accordingly, Plaintiff will have the opportunity to address the motion to dismiss at a future date in the new venue.

service of the Amended Complaint in their response to Plaintiff's motion for default. (*Id.* at 3.) Plaintiff argues this acknowledgment contradicts Defendant's previous representation that service was defective, "which misled the Court and resulted in the reinstatement of the Second Amended Complaint." (*Id.*)

First, the Court notes that in his earlier motion for reconsideration, Plaintiff "did not contest" Defendants' claim regarding lack of service of the September 4, 2024 complaint and did not seek review of the Court's order finding the complaint had not been properly served. (Dkt. No. 61 at 5.) Second, Plaintiff's contention that Defendants' counsel "explicitly admitted" proper service of the Amended Complaint appears to be without merit. In their response to Plaintiff's motion for default, Defendants took the position that the Second Amended Complaint was the first one properly served upon them, given that they did not receive a complaint and a summons until they received summonses issued by the Clerk's office on September 16, 2024. (Dkt. No. 93 at 2.)

Accordingly, Plaintiff's motion for reconsideration of the Court's earlier order granting Plaintiff's motion for reconsideration (Dkt. No. 117) is DENIED.

**D. Motion to Reconsider Order Denying Motion for Alternate Service (Dkt. No. 118)**

Finally, Plaintiff asks the Court to reconsider its order directing him to effect proper service on Defendants Waddell and Matson within 30 days from the date of the Court's order. (Dkt. No. 118.) Plaintiff argues the Court's order is predicated on the assumption that Plaintiff's Second Amended Complaint, rather than the Amended Complaint, is the operative pleading in this case. (*Id.* at 2.) Plaintiff further argues that Defendants Waddell and Matson have evaded service despite multiple attempts to effect service by Plaintiff's process server. (*Id.*)

For the reasons discussed above, the Court will not reconsider its finding that the Second Amended Complaint is the operative pleading in this case. Nor will the Court reconsider its order denying Plaintiff's motion for alternative service; Plaintiff has not established that Defendants have evaded service in a manner sufficient to permit alternate service methods.

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 118) of the Court's order regarding alternative service is DENIED.

In summary, Plaintiff's motions for reconsideration (Dkt. Nos. 114, 115, 116, 117, 118) are DENIED.

Dated this 10th day of March, 2025.

David G. Estudillo
United States District Judge