UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAA ELKHARWILY,<br><br>                    Plaintiff,<br>    v.<br><br>FIRST INTERSTATE BANK et al.,<br><br>                    Defendants. | CASE NO. 3:24-cv-05720-DGE<br><br>ORDER ON MOTION TO<br>CHANGE VENUE (DKT. NO. 69) |

Presently before the Court is a motion from Defendants First Interstate Bank and LPSL Corporate Services, Inc. ("LPSL") to transfer this case to the United States District Court for the Eastern District of Washington. (Dkt. No. 69.) For the reasons set forth below, Defendants' motion is GRANTED.

        **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

On September 3, 2024, the Court, in denying Plaintiff's motion for a temporary restraining order, directed Plaintiff to show cause, no later than September 10, 2024, why this case should not be transferred to the Eastern District of Washington. (Dkt. No. 6.) The Court

found that Plaintiff appeared to be located in the Eastern District and that the only named Defendant at that time, First Interstate Bank, appeared to be headquartered in Montana. (*Id.* at 3.) The Court noted that all the properties at issue in this case, save one, were located in eastern Washington and that the events underlying the case apparently transpired there as well. (*Id.*) The Court ordered Plaintiff to identify where the relevant parties and witnesses resided, where the events at issue transpired, and to explain why venue was appropriate in the Western District of Washington rather than the Eastern District. (*Id.*)

On September 8, 2024, Plaintiff responded to the Court's order to show cause. (Dkt. No. 32.) Plaintiff alleged that he is a citizen of Minnesota, residing in Olmstead County. (*Id.* at 4.) Plaintiff alleged First Interstate Bank is headquartered in Montana, while LPSL has its main office in Seattle. (*Id.*) Plaintiff stated the relevant parties and witnesses in this case reside in Minnesota, Montana, the Western District of Washington, Oregon, Delaware, and Hong Kong.[1] (*Id.* at 5.) Plaintiff alleges all the events giving rise to his causes of action occurred in either Montana, Oregon, or cities located in the Western District of Washington such as Seattle and Tumwater. (*Id.*) On September 10, 2024 the Court acknowledged Plaintiff's response and advised Defendants, to the extent they believed venue was appropriate elsewhere, that they could file a motion for a change of venue. (Dkt. No. 36.)

On November 5, 2024, Defendants First Interstate Bank and LPSL filed a motion to transfer this case to the United States District Court for the Eastern District of Washington. (Dkt. No. 69.) Plaintiff did not respond to the motion prior to the deadline for doing so, and the Court denied Plaintiff's request for an extension of time to respond for the reasons stated in its prior

---

[1] Plaintiff's response did not address Defendants Mathew Waddell and Jennifer Mattson, residents of Spokane County, because they were not parties to this action at the time.

ORDER ON MOTION TO CHANGE VENUE (DKT. NO. 69) - 2

1  orders. On February 28, 2025, Defendants First Interstate Bank and LPSL requested that the
2  Court grant their motion for a change of venue and their motion to dismiss due to Plaintiff's
3  failure to respond. (Dkt. No. 119.)

## II. DISCUSSION

### A. Whether Venue is Proper in the Western District of Washington

"The plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Jinni Tech Ltd. v. Red.com, Inc.*, Case No. C17-0217JLR, 2017 WL 4758761 at *8 (W.D. Wash. Oct. 20, 2017). In federal court, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b).

Here, Defendants argue venue is not proper in the Western District of Washington. Defendants contend this case exclusively involves parties who conducted business in eastern Washington relating to real property located in Spokane, and that there is only one connection, a foreclosure in Snohomish County, between any of the parties or their dispute and the Western District. (Dkt. No. 69 at 2.)

Defendants assert that venue is not proper under § 1391(b)(1) because First Interstate Bank is a Montana chartered bank and is deemed to be a resident of Montana for venue purposes. (*Id.* at 3.) With respect to § 1391(b)(2), Defendants contend virtually none of the "events or omissions" at issue in this case occurred in the Western District and that almost none of the

property that is the subject of the action is situated in western Washington. (*Id.*) Defendants argue that with the exception of the foreclosure of one property in Snohomish County, "all of the events, agreements, and property giving rise to this action occurred or are located in the Eastern District." (*Id.*) As for § 1391(b)(3), Defendants assert that while LPSL is subject to personal jurisdiction in the Western District, there is another district in which this action may otherwise be brought, namely the Eastern District of Washington. (*Id.*)

### B. Whether this Cases Should be Transferred to the Eastern District of Washington

To prevail on a motion for transfer, the movant must show that (1) the action "might have been brought" in the transferee district; and (2) the transfer would be for the convenience of parties and witnesses and in the interest of justice. *Bowhead Operations & Maintenance Solutions, LLC v. Endurance American Ins. Co.*, Case No. C21-0909-JCC, 2022 WL 704131 at *1 (W.D. Wash. Mar. 9, 2022).

#### 1. Whether This Action Might Have Been Brought in the Eastern District of Washington

To find that an action might have been brought in the transferee district, "the transferee court must: (1) be able to exercise personal jurisdiction over the defendant, (2) have subject matter jurisdiction over the claim, and (3) be a proper venue." *Zimpelman v. Progressive Northern Ins. Co.*, Case No. C09-03306 RMW, 2010 WL 135325 at *1 (N.D. Cal., Jan. 8, 2010).

Here, Defendants argue First Interstate Bank is amenable to process in the Eastern District because it does business there and can be served with process. (Dkt. No. 69 at 4.) Defendants contend the Eastern District would have subject matter jurisdiction based on Plaintiff's claims brought under federal law and diversity jurisdiction. (*Id.*) Finally, Defendants argue venue would be proper in the Eastern District because all of the "events or omissions"

1  allegedly giving rise to Plaintiff's claims and all of the "property that is subject to the action is

2  situated," in Spokane County. (*Id.*)

### 2.  Convenience and Interests of Justice Under § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Secondary Life Three LLC v. TransAmerica Life Ins. Co.*, Case No. 20-CV-09034-AB (KSx), 2021 WL 2191219 at *1 (C.D. Cal. Feb. 24, 2021), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000), *quoting Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, the defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In evaluating a motion for transfer, the Court may consider several factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–499. "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." *Green Aire for Air Conditioning W.L.L.*

*v. Salem*, Case No. 1:18-cv-00873-NONE-SKO, 2020 WL 4734909, at *3 (E.D. Cal. Aug. 14, 2020) (citation omitted). "'No single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis.'" *Id.* (quoting *Burgess v. HP, Inc.*, Case No. 16-CV-04784-LHK, 2017 WL 467845, at *5 (N.D. Cal. Feb. 3, 2017)).

Here, Defendants argue that transfer would be convenient and in the interests of justice because "[t]here is no nexus between the facts, witnesses, or parties to this suit and the Western District" and because "[a]ll of the events giving rise to Plaintiff's complaint occurred in the Eastern District and related to agreements and real property in the Eastern District." (Dkt. No. 69 at 4.)

This dispute has its origins in a Business Loan Agreement and Promissory Note between Wall Street Apartments, LLC ("LLC") and First Interstate Bank's predecessor. (Dkt. No. 7 at 57–68.) Plaintiff was the guarantor of this loan transaction. (Dkt. No. 43 at 5.) The LLC and Plaintiff defaulted on the loan and eventually the Spokane County Superior Court appointed a receiver on behalf of the LLC at First Interstate Bank's request. (Dkt. No. 7 at 164–179.) After this, Plaintiff reached an agreement with First Interstate Bank to resolve the loan default by executing a Loan Modification Agreement. (Dkt. No. 20-11.) As part of the Loan Modification Agreement, Plaintiff executed and delivered five deeds of trust to First Interstate Bank, four of which were to properties in Spokane County and one of which was to a property located in Snohomish County. (*Id.* at 4.) Plaintiff also pledged and assigned First Interstate Bank a certificate of deposit in the amount of $68,850. (*Id.*) The deeds of trust and the certificate of deposit were referred to as the "Replacement Collateral." (*Id.*) As part of the Loan Modification Agreement, Plaintiff agreed to make certain payments to cure the default, and otherwise agreed

to a certain payment plan. (*Id.* at 5–9.) In exchange, First Interstate Bank agreed to move to terminate the receivership of the LLC and reconvey to the LLC the deed of trust. (*Id.*)

Plaintiff's cause of action in this court stems from his assertion that First Interstate Bank failed to comply with the terms of the Loan Modification Agreement such that it lacked authority to initiate a trustee's sale of any of the encumbered properties. Here, the relevant agreement was negotiated and executed following the appointment of a general receiver by a court located within the Eastern District of Washington. Four of the five properties encumbered by the agreement were located in the Eastern District. Plaintiff was himself a resident of Spokane County when he initiated this action (Dkt. No. 1 at 2), and Plaintiff asserts that Defendants Mathew Waddell and Jennifer Mattson currently reside there (Dkt. No. 43 at 101). This case has, at best, a tenuous connection to the Western District, which appears to rest largely on the presence of LPSL's offices in Seattle. (Dkt. No. 32 at 5.) The Court also notes Plaintiff has removed several cases involving Plaintiff, First Interstate Bank, the LLC and the underlying receivership from state court to the Eastern District. *See e.g. First Interstate Bank v Wall Street Apartments LLC*, Case No. 2:24-cv-00154-TOR.

### C. Conclusion

The Court finds the events giving rise to this claim occurred largely in the Eastern District of Washington, and that virtually all the property that is the subject of this action is located in the Eastern District. Virtually all the parties to this case reside either in the Eastern District or are otherwise located outside the Western District of Washington. Accordingly, the Court finds that for the convenience of parties and witnesses and in the interest of justice it is appropriate to transfer this case to the United States District Court for the Eastern District of Washington.

Defendants' motion for a change of venue (Dkt. No. 69) is GRANTED. The Clerk shall transfer this case to the United States District Court for the Eastern District of Washington. Defendants' motion to dismiss (Dkt. No. 68) is DENIED without prejudice and may be refiled in the new venue.

Dated this 10th day of March, 2025.

David G. Estudillo
United States District Judge